**SWARTHOUT** et v **ERB**

Ohio Appeals, 7th Dist, Monroe Co

No 273. Decided Nov 22, 1933

Moore, Moore & Moore, Woodsfield, and F. W. Ketterer, Woodsfield, for plaintiffs in error.

Matz & Matz, Woodsfield, for defendant in error.

## OPINION

By POLLOCK, J.

Taking up first, the claim that the plant was not erected with new material according to the agreement, the partners say, the steam jacket from the storage tank to the measuring tank, was second hand material, and further that the channel irons for the buckets used to convey the material were not new, but were of second hand also, and that two asphalt storage tanks were not new but were used and second hand.

There was a reply filed, which admitted that these items were not of new material, but were of good second hand material, and that the defendants knew that such material was being used and acquiesced and agreed that such material could be used.

We think from the evidence, that the defendants did know that this material was being used and the reason why it was being used and that they acquiesced in the use of this material.

The next error complained of is, a boiler was not furnished necessary for the heating plant. It appears from the evidence that the boiler used for the heating plant was one furnished by Mr. Patton, but that the boiler that the plaintiff furnished to be used, was used to heat the material at the road side and that this was by agreement and request of the defendants.

We then come to the question of the plant not being adapted to manufacture what is known as T 5 Bituminous Concrete.

It is not claimed by the plaintiff that this plant would produce the product known as T 5 Bituminous Concrete, but his claim is, that he did not agree to furnish such a plant and that was the material question submitted to the jury in this case. This question depends on whether or not the verdict which was in favor of the plaintiff below, is so manifestly against the weight of the evidence, that this court should interfere under the rules governing reversal judgments on the weight of the evidence.

We do not deem it necessary to refer specifically to the evidence of witnesses on either side. Mr. Erb was in the business of manufacturing and erecting such plants or like plants like the one erected for the defendants. He seems to have a plant operating at Cambridge, Ohio, and one at Martins Ferry.

The defendants, Swarthout, Strickling and Patton, seems to have been visiting these plants and examined them, and they claim they did not know the kind of concrete that was being used by the State Highway Department and they expected their plant to be used in furnishing concrete mixture for the State Highway work. They had talks with Mr. Erb, W. O. Hayes and Mr. Harris. Hayes and Harris seem to have been using these plants, Hayes at Cambridge, Ohio, and Harris at Martins Ferry, Ohio.

These defendants testified that they did their talking regarding the plant with these parties, sometimes the plaintiff and the two parties named, Hayes and Harris, were together and possibly other times, with one or more of these persons.

The plaintiff and these two witnesses, Hayes and Harris testified just as positively that they did not state that this plant was adapted to producing the mixture claimed. And from this evidence, with some other corroborative facts on both sides, the jury had to reach a verdict.

It seems that these defendants accepted this plant, and operated it whenever they could get a contract, and from the evidence, no complaint was made, that it did not produce the mixture which the contract called for until the filing of the answer in this case.

These parties had paid all but the amount involved in this suit, and even after the bringing of this action, $200 was paid on these notes.

The plaintiff and these two witnesses claim, that they did not know of T 5 mixture at the time that plant was sold and delivered. That such a mixture was not required until 1931, the next year.

There is testimony on the part of Ches-

214

ter O. Pore, that such a mixture was in use, and referred to in the circulars sent out by the State Highway Department in 1930. Mr. Pore was Superintendent of the Highway Department in this county at that time.

On the part of the plaintiff, Mr. E. M. Shirk, was called who had been a resident superintendent of the Highway in Belmont County, at or about the time this contract was entered into. He testified, that he did not know of this T 5 mixture in 1930, and that it was not adopted by the Highway Department until the spring of 1931, when it was first used on a road near Newark. Hayes and Harris testified to practically the same in regard to the first time such a mixture was used, by the Highway Department.

This is, in substance, the evidence in this case. The jury found in favor of plaintiff, and we are not able to say that it was so manifestly erroneous that this court is authorized to set aside the judgment on the weight of the evidence.

The next error complained of is in the charge of the court on page 213 of the record, in regard to the measure of damages. It is urged that the rule given by the court to determine the amount of damages is not correct. All we care to say about this is, that rules should be given to the jury on the measure of damages, varying with the facts in the case. But it is not necessary for this court to determine whether this charge was correct or not, for the reason, the measure of damages was not considered by the jury, and therefore, is not material in this case.

Again, complaint is made on page 217 of the record, that the court did not give the charge requested by the defendants at the close of the general charge. The first error complained of is in regard to the question of damages. Nothing further need be said in regard to the court's refusal to give any request.

The next request to be given at the close of the general charge is the request that the court gave as follows:

"That if the plaintiff stood by and permitted representations or warranties to be made by other parties, even though not his agents, the party so standing by was bound by these statements."

In a proper case this would be a proper request to make of the court, but the trouble about it in this case, the plaintiff did not deny that any of his witnesses made statements, that were not correct.

Plaintiff below adopted all of his witnesses testimony, without any repudiation thereof, so that there was no issue in the case requiring or justifying such a charge.

This completes the errors complained of, and the judgment of the court below is affirmed.

FARR and ROBERTS, JJ, concur.